ZEHMER, Judge
(specially concurring).
I concur in affirming the appealed judgment and sentence. I conclude, however, that the state’s failure to supply the defendant with a copy of the FDLE report on the pistol was clear error, but agree for the following reasons that the error is harmless in view of the jury’s acquittal of the defendant on the charges of being armed with a firearm.
The two charges of which the defendant was found guilty alleged that during the commission of the described offenses the defendant “carried, displayed, used, threatened or attempted to use a weapon or firearm, to-wit: a pistol ...,” contrary to section 775.087, Florida Statutes. The FDLE report contained evidence favorable to the defendant regarding whether the pistol met the statutory definition of a firearm and was clearly required to be disclosed pursuant to the criminal discovery rules and the Due Process Clause as construed in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). I do not consider the trial court’s inquiry into this matter when it became known to defense counsel adequate to dissipate the state’s error in this regard. Nevertheless, the trial court submitted the case to the jury with instructions and a verdict form allowing it to find that the “pistol” was either a “firearm” as defined in section 790.001(6) or a “weapon” as defined in the Florida Standard Jury Instructions in Criminal Cases in section 775.087. The defendant’s objection to the instruction using this definition of weapon was overruled and his request for an instruction on the statutory definition of weapon set forth in section 790.001(13) was denied by the trial court; however, the validity of this instruction and objection has not been argued on this appeal. Nor is any argument made on appeal asserting a lack of evidence to prove that the defendant “carried, displayed, used, threatened or attempted to use” the alleged pistol shown to be inoperable as a weapon, as alleged in the motion for a new trial. Accordingly, on the arguments made here, we must conclude that the jury permissibly found the defendant guilty of being armed with a weapon, i.e., an inoperable pistol, while exonerating him of being armed with a firearm, i.e., an operable pistol, thereby rendering the state’s failure to produce the FDLE report harmless.